UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JOSE A. RODRIGUEZ,

                Petitioner,

    v.                                              9:16-CV-1037
                                                  (DNH)

THOMAS GRIFFIN,

                Respondent.

------------------------------------------------------------

APPEARANCES:                              OF COUNSEL:

JOSE A. RODRIGUEZ
11-B-3913
Petitioner pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12585

HON. ERIC T. SCHNEIDERMAN          DENNIS A RAMBAUD, ESQ.
Attorney for Respondent                 Ass't Attorney General
Office of the Attorney General
120 Broadway
New York, New York 10271

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

      In August of 2016, petitioner Jose A. Rodriguez ("Rodriguez" or "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York. Dkt. No. 2, Petition ("Pet."). The petition was subsequently transferred to the Northern District. Dkt. No. 6.

In his petition, Rodriguez challenges the constitutionality of his 2011 conviction, after a jury trial in the Otsego County Court, of the crimes of operating as a major trafficker and criminal sale of a controlled substance in the third degree (four counts). Pet. at 1. According to petitioner, he was sentenced to forty years in prison. *Id.*

In papers dated February 28, 2017, Rodriguez moves to amend his habeas petition to include an additional claim of ineffective assistance of appellate counsel, and a renewed motion to stay the amended petition while he exhausts this claim in state court. *See* Dkt. No. 26, Motion to Amend; Dkt. No. 26-1, Proposed Amended Pleading; Dkt. No. 27, Renewed Motion to Stay; Dkt. No. 27-1, Exhibits.

Respondent has filed a response to the motions. Dkt. No. 28, Respondent's Response ("Resp. Resp.").

## II. BACKGROUND

In his motion to amend, Rodriguez explains that he seeks to add one additional ground for habeas relief: petitioner received ineffective assistance of appellate counsel "when [counsel] omitted issues that have a reasonable probability of success." Dkt. No. 27-1, Proposed Amended Pleading, at 32.

Rodriguez raised this claim in a second coram nobis petition before the Appellate Division, Third Department, which, according to petitioner, is still pending before that court. Dkt. No. 27, Mot. to Amend, at 3. For a complete statement of petitioner's claims, reference is made to the Proposed Amended Petition. *see* Dkt. No. 27-1.

Rodriguez also moves to stay the proposed amended petition pending the outcome of his second coram nobis petition pending before the Appellate Division. Dkt. No.

2

27. Petitioner argues he diligently filed a second coram nobis petition in state court as soon as he became aware of the alleged constitutional violation by his appellate counsel. *Id.* at 4-7. He also maintains that, as a pro se petitioner, he had limited access to the law library and limited knowledge to discover the alleged constitutional violations. *Id.*

### III. ANALYSIS

Motions to amend habeas petitions are governed by Rule 15 of the Federal Rules of Civil Procedure. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servcs.*, 235 F.3d 804, 815-16 (2d Cir. 2000); *see* 28 U.S.C. § 2242 (a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").

Under Rule 15(a)(2), a party may amend its pleadings upon consent of the opposing party or leave of the court, and courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Respondent does not oppose Rodriguez's motion to amend, and acknowledges that "petitioner has not previously amended his petition and respondent has no yet answered the original petition." Dkt. No. 28. Accordingly, petitioner's motion to amend is granted.

Notably, Rodriguez's proposed amended petition is "mixed" because it contains both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Id.* at 275-76.

Here, respondent does not oppose Rodriguez's request to stay the amended petition

pending exhaustion of his ineffective assistance of appellate counsel claim, and has not refuted petitioner's claim of good cause for failing to exhaust his claim before filing his habeas petition. Dkt. No. 28; *see also Rhines v. Weber*, 544 U.S. at 277-78.

It cannot be determined based on the submissions currently available that petitioner's unexhausted claim is plainly meritless, and it does not appear that petitioner engaged in any dilatory tactics. *Rhines v. Weber*, 544 U.S. at 277. Therefore, petitioner's motion to stay his amended petition is granted.

Federal courts should not, however, be turned into a "jurisdictional parking lot" for unexhausted claims. *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (quoting *Baity v. McCary*, No. 1:02-CV- 1817, 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002) (internal citations and quotations omitted); *see also Raucci v. Kirkpatrick*, No. 9:16-CV-0031 (BKS), 2016 WL 204495, at *3 (N.D.N.Y. Jan. 15, 2016).

Therefore, Rodriguez must advise the Court in writing **every thirty (30) days** of the status of the pending state court proceeding, including the date upon which any decisions are reached in those proceedings.

**Within thirty (30) days** of the date upon which the final state court capable of reviewing Rodriguez's applications has reached a decision,[1] petitioner must notify the Court in writing of the decision(s).

Rodriguez is also cautioned that if he fails to comply with the terms of this Order, the

---

[1] To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1981)).

stay shall be immediately lifted and the file returned to the Court for further proceedings.

Therefore, it is

ORDERED that

1. Petitioner's motion to amend his petition, Dkt. No. 26, is **GRANTED**;

2. Petitioner's motion to stay his amended habeas petition, Dkt. No. 27, is **GRANTED**;

3. The Clerk shall send to petitioner a copy of the signature page of his proposed amended petition (Dkt. No. 26-1, at 37).  Petitioner must sign and date the signature page and return it to this Court by no later than thirty (30) days after the filing date of this Decision and Order;

4. Upon receipt of the signed and dated signature page, the Clerk shall file the proposed amended petition (Dkt. No. 26-1) as an amended petition;

5. Petitioner must advise the Court in writing, every thirty (30) days, of the status of the pending state court application, include the date upon which any decision is reached;

6. Within thirty (30) days of the date upon which the final state court capable of reviewing petitioner's application reaches a decision, petitioner must notify the Court of that decision;

7. If petitioner fails to comply with the terms of this Order, the stay shall be immediately lifted and the file returned to the Court for further proceedings;

8. No response to the amended petition will be required until petitioner completes exhaustion of his ineffective assistance of appellate counsel claim and the stay is lifted; and

9. The Clerk shall serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: April 5, 2017
       Utica, New York.

_____
United States District Judge